UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| L.R., Parent and Natural Guardian of N.R., a minor c/o Kline & Specter, A Professional Corporation 1525 Locust Street The Nineteenth Floor Philadelphia, Pennsylvania 19102 : : : : : : : Plaintiff : : v. : : SCHOOL DISTRICT OF PHILADELPHIA 440 North Broad Street Philadelphia, Pennsylvania 19130 : : : : : and : : SCHOOL REFORM COMMISSION OF THE SCHOOL DISTRICT OF PHILADELPHIA 440 North Broad Street, Suite 101 Philadelphia, Pennsylvania 19130 : : : : : : and : : REGINALD M. LITTLEJOHN 726 Eggleston Circle Sharon Hill, Pennsylvania 19079 : : : : : Defendants. : | **FILED PURSUANT TO 28 U.S.C. §§ 1331, 1391 AND LOCAL CIVIL RULE 5.1.2** CIVIL ACTION NO. COMPLAINT JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, L.R., parent and natural guardian of N.R., a minor, by and through her attorneys, Thomas R. Kline, Dominic C. Guerrini, and David C. Williams, alleges as follows:

## PARTIES

1. Plaintiff L.R., parent and natural guardian of N.R., a minor, is an adult citizen and resident of the Commonwealth of Pennsylvania, who can be contacted through her counsel, Thomas R. Kline, Esquire, Dominic C. Guerrini, Esquire, or David C. Williams, Esquire, 1525

Locust Street, the Nineteenth Floor, Philadelphia, Pennsylvania 19102.

2. N.R. is a minor citizen of the State of Pennsylvania, who can be contacted through her counsel, Thomas R. Kline, Esquire, Dominic C. Guerrini, Esquire, or David C. Williams, Esquire, 1525 Locust Street, the Nineteenth Floor, Philadelphia, Pennsylvania 19102.

3. Defendant School District of Philadelphia is a municipal corporation or other jural entity organized and existing under and by the virtue of the laws of the Commonwealth of Pennsylvania with a principal place of business at 440 North Broad Street, Philadelphia, Pennsylvania 19130.

4. At all times material hereto, Defendant School District of Philadelphia has provided educational services to minor children in Philadelphia County.

5. At all times material hereto, Defendant School District of Philadelphia has owned, operated, maintained, was responsible for, and/or otherwise controlled W.C. Bryant Elementary School at 6001 Cedar Avenue, Philadelphia, Pennsylvania 19143.

6. Defendant School Reform Commission of the School District of Philadelphia (hereinafter referred to as "School Reform Commission"), is a municipal corporation or other jural entity organized and existing under and by the virtue of the laws of the Commonwealth of Pennsylvania with a principal place of business at 440 North Broad Street, Suite 101, Philadelphia, Pennsylvania 19130.

7. At all times material hereto, Defendant School Reform Commission adopted and enforced rules and regulations for management of school affairs and the conduct and deportment of employees and students.

8. Defendant Reginald M. Littlejohn (hereinafter referred to as "Littlejohn"), is an adult citizen and resident of the Commonwealth of Pennsylvania with an address of 726

Eggleston Circle, Sharon Hill, Pennsylvania 19079. At all times material hereto, Littlejohn was employed as a teacher at W.C. Bryant Elementary School.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under The Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants can be found in, reside, or transact business in this District.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claim occurred in this District.

## MATERIAL FACTS

12. At all times material hereto, N.R. was a pupil at W. C. Bryant Elementary School, enrolled in kindergarten.

13. At all times material hereto, Defendant School Reform Commission was responsible for adopting and enforcing rules and regulations for management of school affairs and the conduct and deportment of employees and students in the School District of Philadelphia.

14. At all times material hereto, Defendant School District of Philadelphia's policies have provided that the principal is responsible for the safety of pupils during the school day.

15. At all times material hereto, Defendant School District of Philadelphia's policies have provided that only the principal or his/her designee, the assistant principal, or the teacher-in-charge may grant a release of pupils during the school day.

16. At all times material hereto, Defendant School District of Philadelphia's policies

have provided that, under no circumstances may a pre-kindergarten through Grade 8 pupil be released without a properly identified adult. The adult's identification must be checked against school records, and the release must take place in the school office.

17. On or about January 14, 2013, Christina Regusters entered W.C. Bryant Elementary School.

18. In contravention of Defendant School District of Philadelphia's policies, Regusters proceeded directly to N.R.'s classroom, where she encountered Defendant Littlejohn.

19. Defendant Littlejohn asked Regusters to produce identification.

20. Defendant Littlejohn asked Regusters to produce verification that N.R. had been permitted to be released.

21. Regusters failed to produce identification.

22. Regusters failed to produce verification that N.R. had been permitted to be released.

23. Despite Regusters' failure to produce identification, Defendant Littlejohn recklessly and willfully released N.R. into Regusters' custody.

24. Despite Regusters' failure to produce verification that N.R. had been permitted to be released, Defendant Littlejohn recklessly and willfully released N.R. into Regusters' custody.

25. In direct contravention of Defendant School District of Philadelphia's policies, Defendant Littlejohn recklessly and willfully released N.R. into Regusters' custody.

26. Defendant Littlejohn's release of N.R. to an unidentified stranger manifested a willful disregard for N.R.'s safety.

27. After receiving N.R. from Defendant Littlejohn, Regusters sexually assaulted her.

28. At or about 4:40 a.m. on January 15, 2013, a sanitation worker discovered N.R. in

a rain-soaked Upper Darby playground after hearing her cries.

29. As a direct and proximate result of the intentional, reckless, and wanton conduct of all defendants, jointly and severally, as more fully set forth in the Counts below, Plaintiff-minor N.R. suffered harm including:

    a. Sexual assault, with its attendant physical and mental signs, symptoms, and sequellae;

    b. Anxiety;

    c. Fear and fright;

    d. Mental anguish;

    e. Post-Traumatic Stress Disorder, with its attendant physical and mental signs, symptoms, and sequellae;

    f. Past and future physical pain and suffering;

    g. Past and future mental pain and suffering;

    h. Past and future loss of life's pleasures;

    i. Past and future humiliation;

    j. Past and future embarrassment and disfigurement;

    k. Past and future lost earnings and lost earning capacity;

    l. Past and future medical expenses;

    m. Past and future noneconomic loss; and,

    n. Such other ills and injuries set forth in the medical records and which will be set forth, and more fully described, as this lawsuit continues.

## COUNT I – CIVIL RIGHTS

**Plaintiff, L.R., Parent and Natural Guardian of N.R., a Minor, v.
Defendant School District of Philadelphia, Defendant School Reform Commission
of the School District of Philadelphia, and Defendant Reginald M. Littlejohn**

30. The preceding paragraphs and allegations stated above are incorporated by reference as though fully set forth herein.

31. Defendant School District of Philadelphia is a municipal entity that is subject to

5

suit pursuant to 42 U.S.C. § 1983.

32. Defendant School District of Philadelphia's constitutional torts are not governed or limited in any way by 42 Pa.C.S. § 8541, *et seq.* or 42 Pa.C.S. § 8521, *et seq.*

33. Defendant School Reform Commission is a municipal entity that is subject to suit pursuant to 42 U.S.C. § 1983.

34. Defendant School Reform Commission's constitutional torts are not governed or limited in any way by 42 Pa.C.S. § 8541, *et seq.* or 42 Pa.C.S. § 8521, *et seq.*

35. Defendant Littlejohn's constitutional torts are not governed or limited in any way by 42 Pa.C.S. § 8541, *et seq.* or 42 Pa.C.S. § 8521, *et seq.*

36. Defendants School District of Philadelphia, School Reform Commission, and Littlejohn violated N.R.'s substantive due process right to bodily integrity, which is secured by the Fourteenth Amendment to the Constitution of the United States.

37. At all times material hereto, defendants School District of Philadelphia, School Reform Commission, and Littlejohn acted under color of state law.

38. At all times material hereto, defendants School District of Philadelphia and School Reform Commission acted under color of state law by and through their agents, ostensible agents, and/or employees.

39. The specific harm to which defendants School District of Philadelphia, School Reform Commission, and Littlejohn exposed N.R. was foreseeable and direct in that they were aware that releasing pupils to unidentified and otherwise unverified adults would result in harm to those pupils, including but not limited to sexual assault.

40. Defendant Littlejohn's willful release of then five-year-old N.R. to an unidentified adult created a degree of culpability that shocks the conscience.

41. Defendant Littlejohn's willful release of then five-year-old N.R. to an adult who failed to produce identification upon his request created a degree of culpability that shocks the conscience.

42. Defendant Littlejohn's willful release of then five-year-old N.R. to an adult who failed to produce verification permitting N.R. to be released, created a degree of culpability that shocks the conscience.

43. Defendant Littlejohn acted in willful disregard to the safety of N.R. when he released her to an adult who failed to produce identification upon his request.

44. Defendant Littlejohn acted in willful disregard to the safety of N.R. when he released her to an adult who failed to produce verification that N.R. had been permitted to be released.

45. Defendant School District of Philadelphia's self-described commitment to create a safe, positive environment for all students formed a relationship such that N.R. was a foreseeable victim of defendants School District of Philadelphia, School Reform Commission, and Littlejohn's acts.

46. As a kindergarten student at W.C. Bryant Elementary School, N.R. was a member of a discrete class of persons subjected to the potential harm brought about by defendants School District of Philadelphia, School Reform Commission, and Littlejohn's actions.

47. By willfully releasing N.R. to Regusters, Defendant Littlejohn affirmatively used his authority over N.R. in a way that created a danger to N.R.

48. By willfully releasing N.R. to Regusters, Defendant Littlejohn affirmatively used his authority over N.R. in a way that rendered N.R. substantially more vulnerable to danger than had Defendant Littlejohn not acted at all.

49. By willfully releasing N.R. to Regusters, Defendant Littlejohn affirmatively used his authority over N.R. in a way that increased N.R.'s risk of harm.

50. As a teacher for the School District of Philadelphia, Defendant Littlejohn affirmatively used his authority to create an opportunity that otherwise would not have existed for Regusters to harm N.R.

51. Defendants School District of Philadelphia, School Reform Commission, and Littlejohn's acts constitute a "state-created danger," rendering them liable to N.R. for violation of her civil rights.

52. Despite their awareness of the risk of pupil abduction by unidentified individuals, policymakers within defendant School District of Philadelphia and School Reform Commission either deliberately chose not to train their employees, including Defendant Littlejohn, regarding policies for release of pupils during the school day, or acquiesced in a longstanding practice or custom of inaction in this regard.

53. Despite their awareness of the risk of pupil abduction by unidentified individuals, policymakers within Defendant School District of Philadelphia and School Reform Commission either deliberately chose not to supervise their employees, including Defendant Littlejohn, regarding policies for release of pupils during the school day, or acquiesced in a longstanding practice or custom of inaction in this regard.

54. The constitutional rights violated by defendants School District of Philadelphia, School Reform Commission, and Littlejohn consisted of liberty, privacy, and bodily integrity.

55. Defendants School District of Philadelphia, School Reform Commission, and Littlejohn acted intentionally or with deliberate indifference to the rights of N.R.

56. As a direct result of the actions of defendants as set forth above, N.R. was caused

to suffer the injuries set forth in paragraph 29.

WHEREFORE, Plaintiff demands judgment against defendants School District of Philadelphia, School Reform Commission, and Littlejohn, and compensatory damages, jointly and severally, together with attorney fees and costs, and pre and post judgment interest. Plaintiff hereby certifies pursuant to Local Civil Rule 53.2(3) that the value of Plaintiff's claim is in excess of $150,000 exclusive of interest and costs, and that Plaintiff's claim alleges a violation of rights secured by the U.S. Constitution.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against all Defendants for damages to be determined at trial, and for all other and further relief as the Court may deem just and equitable.

KLINE & SPECTER,
A Professional Corporation

Dated: March 26, 2014     BY: _____
THOMAS R. KLINE, ESQUIRE
DOMINIC C. GUERRINI, ESQUIRE
DAVID C. WILLIAMS, ESQUIRE
1525 Locust Street, Nineteenth Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000
Tom.Kline@KlineSpecter.com
Dominic.Guerrini@KlineSpecter.com
David.Williams@KlineSpecter.com

*Attorneys for Plaintiff*

## VERIFICATION

I, Thomas R. Kline, attorney for Plaintiff herein, hereby verify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

_____
THOMAS R. KLINE, ESQUIRE

Dated: March 26, 2014